**In the Matter of Neil E. HOLBROOK, Respondent.**

No. 20S00–0509–DI–402.

Supreme Court of Indiana.

Sept. 23, 2008.

*PUBLISHED ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below:

**Stipulated Facts:** *Count 1.* Client I retained Respondent in 2001 to represent her in a paternity action. Over the next eight months, Respondent failed to prosecute the case, Tailed to communicate with his client, and made misrepresentations to his client, including telling her of court dates that had not been set. The parties ultimately entered an agreed order in the case.

*Count 2.* Client 2 hired Respondent in 2001 to represent her in a divorce action. Respondent failed to inform his client of a requirement that she attend a parenting class. As a result, the court issued a contempt citation against Client 2. Respondent failed to cooperate with opposing counsel's discovery requests and to communicate adequately with Client 2 about the requests. After Client 2 tiled a grievance against Respondent, he respond to the Commission's demands for information only after this Court issued a show cause order.

*Count 3.* After Client 3's criminal probation was revoked in 2004. Respondent was hired to pursue post-conviction relief ("PCR")About seven months later, he filed a motion for sentence modification (not a PCR petition). Alter the motion was denied. Respondent took no action for almost a year. After Client 3 filed a grievance against him. Respondent filed a PCR petition. Client 3 was released from prison in 2006 after serving all his time.

*Counts 4 through 10.* In 2006, Respondent took over representation in a number of bankruptcy case previously handled by other members of his firm. Counts 4 through 10 involve primarily neglect of these bankruptcy cases and failure to communicate with his clients. Respondent

also admits knowingly making false statements to a court.

*Other facts.* Facts in aggravation include: (1) Respondent has demonstrated a pattern of misconduct; and (2) several *of* Respondent's clients were particularly vulnerable. Facts in mitigation include: (I) Respondent has hired an associate with experience in bankruptcy practice; (2) at the time of the misconduct, Respondent suffered from depression, for which he is currently in treatment and is willing to seek further recommended treatment; and (3) Respondent is remorseful about his misconduct.

**Violations:** The parties agree that Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

1.1: Failure to provide competent representation.

1.3: Failure to act with reasonable diligence and promptness.

1.4(a)(3): Failure to keep the client reasonably informed about the status of a matter.

1.4(a)(4): Failure to comply promptly with reasonable requests for information.

1.4(b): Failure to explain matter to extent reasonably necessary to permit a client to make informed decisions.

3.3(a)(1): Knowingly making a false statement of fact or law to a tribunal.

8.1(b): Failure to respond in a timely manner to the Commission's demands for information.

8.4(c): Engaging in conduct involving dishonesty, fraud, deceit or misrepresentation.

8.4(d): Engaging in conduct prejudicial to the administration of justice.

**Discipline:** The parties agree Respondent violated the Rules of Professional Conduct as charged and propose the following discipline:

(1) Respondent will receive a six-month suspension, with the first four months served as active suspension.

(2) The balance of the suspension will be conditionally stayed subject to successful completion of an 18–month probation with monitoring by the Judges and Lawyers Assistance Program and completion of six Continuing Legal Education hours in the area of Office Management.

(3) If Respondent violates his probation, the remaining two months of his suspension will be served without automatic reinstatement.

The Court, having considered the submission of the parties, now APPROVES and ORDERS the agreed discipline. For Respondent's professional misconduct the Court **suspends Respondent from the practice of law for a period of six months, beginning November 3, 2008, with four months actively served and the remainder stayed subject to completion of at least 18 months of probation.** The Court incorporates by reference the terms and conditions of probation set forth in the parties' Conditional Agreement. Respondent shall not undertake any new legal matters between service of this order and the effective date of the suspension, and Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). Respondent's probation shall remain in effect until such time as it is terminated pursuant to Admission and Discipline Rule 23(17.1).

The costs of this proceeding are assessed against Respondent. With the acceptance of this agreement, the hearing officer appointed in this case is discharged.

The Court directs the Clerk to forward a copy of this Order to the hearing officer, to the parties or their respective attorneys, to all other entities entitled to notice under

Admission and Discipline Rule 23(3)(d). and to Thomson/West for publication in the bound volumes of this Court's decisions.

All Justices concur.